The opinion of the Court was delivered by
WaRdlaw, Ch.
In the construction of bequests to children, it is well- settled, that where a bequest is immediate to children in a class, children in existence at the death of the testator, and these exclusively, are entitled to take. But where the division of the fund among the legatees is deferred until a particular period, which takes place after the death of the testator, children born after the testator’s death may be entitled' under a bequest to children in a class. Thus, where legacies are given to the children of A, when a child or children attain a particular age, or to be divided amongst them at the death of A; any child who falls under the description at the time when the fund is to be divided, is entitled to a share, although not born until after testator’s death, and although born of a subsequent marriage. 2 Wms. Ex’rs. 797 ; Gilmore vs. Severn, 1 Bro. C. C. 582 ; Barrington vs. Tristram, 6 Ves. 345.
The bequest to be interpreted in the present case, is in the following words : “ It is my will and desire, that the rest and re *347 mainder of my estate be divided into equal shares among my brother Jacob Patterson and Anthony Patterson’s lawful children, and that my brothers, Jacob and Anthony, have the use of their childrens’ portion, or part, during their natural lives, and at their death to their children.” This'clause is drawn ungrammatically and inartificially, but the intention of the testator, which i» the great guide of interpretation, where no rule of. law is infringed, seems pretty plain. The testator has directed, in effect, that the residue of his estate be divided into two equal shares; that Jacob Patterson shall have one of these moieties for life, and that at his death his children shall take .the same among them absolutely ; and in like manner, that Anthony shall take the other moiety for life, and at his death his children shall take it among them absolutely. No dispute is made as to the accuracy of this interpretation in any particular, except as to the original division into two equal parts. It is argued for the plaintiffs, that the original division should be into as many parts as there were children of testator’s brothers at his death; and consequently that Jacob for life, and his children after him, should take eight shares, and Anthony take for life three shares only, distributable at his death among his three children in being at testator’s death, to the exclusion of the eight born subsequently. The argument has some support in the letter of the former portion of the clause, but it is opposed to the general scope of the provision, particularly that which postpones the enjoyment of the fund by the children, until the deaths of their fathers respectively. The employment of the terms “ childrens’ portion or part,” seems to contemplate that a moiety for each class of children was to remain an unseparated mass until the period of enjoyment arrived. The direction as to division of the residue into equal parts, is satisfied by understanding it as applicable to the brothers of the testator who were the immediate objects of his bounty; and no reasonable motive can be assigned for the supposed purpose of the testator, to exclude from the remainder any of the children of his brothers. In the case cited from Vesey, Lord Eldon remarks: “ The rule *348 of the Court has gone upon an anxiety to provide for as many children as possible with convenience. Therefore any coming in esse, before a determinate share becomes distributable to any one, is included.”
In opposition to the construction indicated, it is further urged, that the construction given by the plaintiffs was adopted by the decree of this Court in 1818, in a suit between the tenants for life and the executor. But the partition then decreed is not obligatory upon the children who were no parties to the proceedings. Bool vs. Mix, 17 Wend. 119.
The fact that Jacob Patterson received too much in the partition of 1818, in no wise diminishes the right of the defendants to equal distribution with the other children of Anthony in the partition received by him. Any claim to recoup from Jacob or his estate for the excess above one half received by him, is common to all the children of Anthony.
It is declared and adjudged, that all the children of Anthony Patterson, living at his death, are entitled to distribute amongst them the legacy enjoyed by the said Anthony for life, under the will of John Patterson: and it is ordered and decreed, that the accounts be taken accordingly. Costs to be paid out of the estate of Anthony Patterson. It is further ordered, and decreed, that the circuit decree be modified according to this opinion, and in other respects be affirmed.
JOHNSTON and DuNKiN, CC., concurred.